UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | ) Case No. 18-CR-130-MFK<br>) |
| v. | )<br>) |
| PETER ARMBRUSTER,<br>MARK WOGSLAND, and<br>BRET NAGGS, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

## UNITED STATES' MOTION *IN LIMINE* REGARDING EVIDENTIARY ISSUES

The United States of America, by and through undersigned counsel, respectfully submits this motion *in limine* regarding two outstanding evidentiary issues that may arise early in trial.

### A. The Court Should Inquire About Proposed "Personal Histories Evidence"

The government previously moved *in limine* (Dkt. No. 219) to preclude the defendants from arguing for or introducing evidence that would suggest jury nullification. The defendants responded that "[e]vidence relating to personal histories could, however, be relevant for other reasons, such as providing context for an individual's conduct and state of mind at the time of the allegations." (Dkt. No. 227, at 4.) The government has requested that the defendants proffer the nature of this evidence, since it runs a risk of being both irrelevant and unfairly prejudicial. (Dkt. No. 236.)

The defendants' witness list, which was proffered to the government on July 6, 2021, included three individuals who are believed to be the defendants' spouses. The defendants are, of course, entitled to present character witnesses to testify about pertinent traits. Fed. R. Evid. 404(a).

The form of such evidence is limited to "testimony about the person's reputation or [] testimony in the form of an opinion." Fed. R. Evid. 405(a).

The government generally has no objection if the defendants offer proper character evidence. However, evidence about the defendants' personal histories is not opinion or reputation testimony, and is likely irrelevant to the issues in this trial. Such evidence also carries an inherent risk under Rule 403—that it will prejudice the government, confuse the jury, and waste everyone's time. In addition, because of the sensitive nature of such evidence, this bell will be hard to unring; once such evidence, if improper, is placed before the jury, the government will be hard-pressed to convince the jury it should be forgotten.

The government respectfully requests that this Court order the defendants to identify any "personal histories" evidence they intend to refer to in opening statements or introduce at trial. Such a procedure will guarantee that any such information is relevant, and ensure that the jury's verdict is based only on admissible evidence and the law as instructed by the Court.

### B. The Court Should Bar Cross-Examination that Calls for a Legal Conclusion

This Court should restrict counsel from asking questions which call for a legal conclusion, such as questions about whether a given witness is a member of a conspiracy. The Seventh Circuit has previously affirmed district courts that ruled such questions are inappropriate for trial. *United States v. Baskes*, 649 F.2d 471, 478 (7th Cir. 1980); *see also United States v. Hach*, 162 F.3d 937, 945 (7th Cir. 1998) ("questions about whether [defendant] 'knowingly and willingly joined a conspiracy' would have required an answer in the form of a legal conclusion that would have been unhelpful opinion testimony.'").

The defendants have indicated that they plan to ask such questions. In the deposition of Paige Weiss-Friedman, which has been submitted to the Court, defense counsel asked the witness the following question:

*Q: Were you conspiring with anyone to violate the law?*

*A: No.*

(Weiss-Friedman Dep. Tr. 132:10-15.) This type of question, which functionally asks a witness to state a legal conclusion—whether they were a member of a conspiracy—is inappropriate. The Court should bar the defendants from asking such questions during trial.

Respectfully submitted,

Date: July 11, 2021

By:    */s/*
KYLE C. HANKEY
Trial Attorney
EMILY C. SCRUGGS
Trial Attorney
JUSTIN D. WEITZ
Acting Principal Assistant Chief
Fraud Section, Criminal Division
U.S. Department of Justice

## CERTIFICATE OF SERVICE

I, Justin Weitz, certify that the foregoing has been served on all attorneys of record in the above-captioned case, either via the CM/ECF electronic filing system or via email.

By: */s/ Justin D. Weitz*
JUSTIN D. WEITZ
Acting Principal Assistant Chief
Criminal Division, Fraud Section
U.S. Department of Justice

Date: July 11, 2021