UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-CR-130-MFK |
| | ) | |
| PETER ARMBRUSTER, | ) | |
| MARK WOGSLAND, and | ) | |
| BRET NAGGS, | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S MOTION FOR JURY INSTRUCTION THAT
MIXED MOTIVES ARE NOT A DEFENSE TO INSIDER TRADING**

The United States of America, by and through counsel of record, respectfully moves for an instruction to the jury regarding mixed motives for insider trading. An instruction stating that such dual motives are not a defense to insider trading will become necessary if defendant Mark Wogsland argues that he cannot be convicted of securities fraud based on insider trading, as alleged in Count 19 of the superseding indictment, because his decision to sell Roadrunner shares was motivated in part by a lawful desire to use the sale proceeds to purchase real estate. The Court should clarify the relevant law by instructing the jury that unlawfully trading "on the basis of" inside information requires only that the inside information was a significant factor in the defendant's decision to sell stock, not that it was the sole cause of the sale.

Defendant Wogsland has indicated his intent to present evidence and argue that his decision to sell Roadrunner shares in March 2015 did not amount to unlawful insider trading because it was motivated by the desire to purchase real estate. Specifically, it appears that Wogsland will argue that his decision to sell was not solely caused by the material nonpublic information that he possessed about the company and its finances, but was also motivated by his need for cash to purchase a hunting property in northern Wisconsin.

Mixed motives are not a defense to insider trading. Rather, if the jury finds that inside information was a significant factor in the defendant's decision to sell stock, then the defendant is guilty of insider trading (assuming other elements are met). Under those circumstances, it makes no difference that the defendant may also have had another lawful motive to sell his shares.

The Seventh Circuit addressed a similar mixed-motives scenario in *SEC v. Lipson*, 278 F.3d 656 (7th Cir. 2002), in the related context of a civil action brought by the SEC for insider trading. There, the court specifically rejected as "absurd" a defense argument for a jury instruction that the defendant could not be found liable for insider trading if he "had a legitimate, alternative purpose for selling . . . securities." *Id.* at 661. The court explained that the defendant "might well have had two purposes," but "[t]he existence of the legitimate purpose"—in *Lipson*, to transfer wealth to a family member tax-free through an estate plan; here, purportedly to use the proceeds to purchase a hunting property in Wisconsin—"would not sanitize the illegitimate one." *Id.*[1] "Only if the illegitimate purpose had no causal efficacy because the legitimate one would have caused him to sell the shares when he did and in the amount he did would the existence of the legitimate purpose be a defense." *Id.*

Perhaps most significantly, *Lipson* went on to recognize that if the illegitimate trading based on inside information was merely the means by which the defendant attempted to pursue an otherwise legitimate goal, that is no defense at all. As the *Lipson* court put it, that "would be like someone who robbed a bank with the intention of giving the money to charity. The noble end

---

[1] This holding is in concert with other cases in which courts have rejected similar defenses based on defendants' asserted mixed motives. *See, e.g.*, *United States v. Coyne*, 4 F.3d 100, 113 (2d Cir. 1993) ("valid purpose that partially motivates a transaction does not insulate participants in an unlawful transaction from criminal liability.") (quoting *United States v. Biaggi*, 909 F.2d 662, 683 (2d Cir. 1990)); *see also United States v. Woodward*, 149 F.3d 46, 70 (1st Cir. 1998) (holding in an honest services fraud and bribery case that "[a] dual intent that seeks *both* to cultivate friendship *and* to illegally influence official acts . . . is not insulated from criminal liability").

2

would not immunize the ignoble means of achieving that end from legal punishment." 278 F.3d at 662. So too here. If Wogsland based his trading decisions (either in the amount or timing of shares sold) on inside information he possessed about Roadrunner, then he is guilty of insider trading. It does not matter whether he intended to use the resulting profits to purchase land for hunting, or for any other purpose.

The government submits that the Court should use the following jury instruction, drawn from *Lipson* and jury instructions given in other insider trading cases[2]:

> Because people rarely act for a single purpose, the inside information need not have been the sole cause of a trade. It is sufficient that the inside information was a significant factor in an insider's decision to sell stock. If you find beyond a reasonable doubt that inside information was a significant factor in the decision to sell stock, then it makes no difference that the insider may also have had another lawful motive to sell. It also makes no difference what the insider ultimately did with, or intended to do with, the proceeds from the sale.
>
> On the other hand, if you conclude that the trades would have occurred on the same dates and involving the same amounts of stock regardless of the inside information, then you should find that the insider did not use the material, nonpublic information in selling the stock.

Date: July 22, 2021

Respectfully submitted,

\_\_\_\_/s/_____
Kyle C. Hankey
Emily C. Scruggs
Justin D. Weitz
Acting Principal Assistant Chief
Fraud Section, Criminal Division
U.S. Department of Justice

---

[2] *See, e.g.*, *United States v. Nacchio*, 1:05-cr-00545-MSK (D. Colo.), Dkt. No. 360 at 4. Indeed, this proposed instruction is more favorable to the defendant than those given in some other insider trading cases, because it requires that the inside information be "a significant factor" in the decision to sell, rather than simply "a factor." *See, e.g.*, *United States v. Robles*, 00-cr-1169 (S.D.N.Y.), Dkt. No. 1803 (reproduced at *United States v. Nacchio*, 1:05-cr-00545-MSK (D. Colo.), Dkt. No. 162-2 at 3).

## CERTIFICATE OF SERVICE

I, Justin Weitz, certify that the foregoing has been served on all attorneys of record in the above-captioned case, either via the CM/ECF electronic filing system or via email.

By: */s/ Justin D. Weitz*
JUSTIN D. WEITZ
Acting Principal Assistant Chief
Criminal Division, Fraud Section
U.S. Department of Justice

Date: July 22, 2021