# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18 CR 130** |
| | ) | |
| **PETER ARMBRUSTER,** | ) | |
| **MARK WOGSLAND,** | ) | |
| **and BRET NAGGS** | ) | |

## <u>INSTRUCTIONS GIVEN TO THE JURY</u>

Date:  July 26, 2021

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. Each of you has a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

The charges against the defendants are in a document called an indictment.  You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendant committed the crimes of conspiracy; misleading Roadrunner's accountants; falsifying Roadrunner's books, records, or accounts; securities fraud; wire fraud; bank fraud; and fraud in connection with the purchase or sale of securities.  I will explain the charges later in these instructions.

Each of the defendants has pled not guilty to each of the charges.

The indictment is simply the formal way of telling the defendants what crime they are accused of committing.  It is not evidence that the defendants are guilty.  It does not even raise a suspicion of guilt.

The defendants are presumed innocent of each of the charges against them. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that a defendant is guilty as charged on the particular charge you are considering.

The government has the burden of proving each defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case. A defendant is not required to prove his innocence. He is not required to produce any evidence at all.

Case 2:18-cr-00130-MFK   Filed 07/30/21   Page 4 of 55   Document 309

You must make your decision based only on the evidence that you saw and heard here in court. Do not attempt to do any research on your own. You may not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, social media, e-mails, text messages, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the prior testimony that was read to you, and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he or she thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony from the record, or told you to disregard something, you must not consider it.

A defendant has an absolute right not to testify. You may not consider in any way the fact that the defendant did not testify. You should not even discuss it in your deliberations.

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

Part of your job as jurors is to decide how truthful and accurate each witness was, and how much weight to give each witness' testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness's ability and opportunity to see, hear, or know the things the witness testified about;

- the witness's memory;

- the witness's demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness's testimony in light of the other evidence presented; and

- inconsistent statements or conduct by the witness.

It is proper for an attorney to interview any witness in preparation for trial.

You have heard evidence that before the trial, witnesses made statements that may be inconsistent with their testimony here in court.  You may consider an inconsistent statement made before the trial to help you decide how truthful and accurate the witnesses' testimony was here in court.

You have heard testimony from a witness, Heather Hipke, who was promised that in exchange for her truthful testimony, she would not be prosecuted for any crimes related to accounting matters involving Roadrunner.

You have also heard testimony from a witness, Stephen Voorhees, who was promised that his testimony would not be used against him in a criminal prosecution.

You may give these witnesses' testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

Certain summaries and charts have been admitted in evidence. You may consider these as evidence. It is up to you to decide how much weight to give to them.

Other summaries and charts, which I have referred to as "demonstrative evidence," have been shown to you to help explain other evidence that was admitted. These particular summaries and charts are not themselves evidence or proof of any facts, so you will not have them during your deliberations. If they do not correctly reflect the facts shown by the evidence, you should disregard them and determine the facts from the underlying evidence.

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

Each of the defendants has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge and each defendant separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

Even though the defendants are being tried together, you must consider each defendant separately. Your decision concerning one defendant, whether it is guilty or not guilty, should not influence your decision concerning any other defendant.

You should not speculate why other individuals whose names you may have heard during the trial are not on trial before you.

You may have noticed during the trial that counsel for the various defendants have consulted with each other and have divided the work of the trial in order to facilitate their presentation and avoid an undue waste of time and effort. You are not to consider the fact that defense counsel have consulted and cooperated with each other as having any significance in your determination of the issues in this case. You should disregard it entirely during your deliberations.

Case 2:18-cr-00130-MFK   Filed 07/30/21   Page 17 of 55   Document 309

**Count 1**

In Count 1 of the indictment, the defendants are accused of conspiracy to mislead Roadrunner's accountants and to falsify the books, records, or accounts of Roadrunner.  In order for you to find the particular defendant you are considering guilty of this charge, the government must prove each of the following three elements beyond a reasonable doubt:

1.      The conspiracy as charged in Count 1 existed.

2.      The defendant knowingly became a member of the conspiracy with an intent to advance one or more of the goals of the conspiracy.

3.      One of the conspirators committed an overt act in an effort to advance one or more of the goals of the conspiracy.  An overt act is any act done to carry out a goal of the conspiracy.  The overt act may itself be a lawful act.

I will define certain of these terms later in these instructions.

If you find from your consideration of all the evidence that the government has failed to prove one or more of these elements beyond a reasonable doubt as to the defendant you are considering, then you should find the defendant not guilty on this charge.

If, on the other hand, you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the defendant you are considering, then you should find the defendant guilty on this charge.

**Count 1 – definition of conspiracy**

A conspiracy is an express or implied agreement between two or more persons to commit a crime. A conspiracy may be proven even if its goals were not accomplished.

In deciding whether the conspiracy charged in count 1 existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

**Count 1 – objects of conspiracy**

Count 1 charges the defendants with conspiracy to commit more than one offense:  misleading Roadrunner's accountants, and falsifying the books, records, or accounts of Roadrunner.  The government is required to prove that the defendants conspired to commit at least one of these offenses but is not required to prove that the defendants conspired to commit both of them.  You must agree unanimously on which, if either, of these offenses the defendants conspired to commit.  You are not required, however, to agree unanimously on which particular overt act was committed in furtherance of the conspiracy.

**Count 1 – membership in conspiracy**

To prove a defendant's membership in the conspiracy charged in count 1, the government must prove beyond a reasonable doubt that the defendant was aware of the illegal goals of the conspiracy and knowingly joined the conspiracy. However, to be a member of a conspiracy, a defendant does not need to join it at the beginning, and he does not need to know all of the other members or all of the means by which the illegal goals of the conspiracy were to be accomplished.

A person is not a member of a conspiracy just because he knew or associated with people who were involved in a conspiracy, knew there was a conspiracy, or was present during conspiratorial discussions.

In deciding whether a defendant joined the conspiracy charged in count 1, you must base your decision only on what the defendant did or said. To determine what the defendant did or said, you may consider the defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant did or said.

**Counts 2, 3, 4, and 5 – misleading Roadrunner's accountants**

Counts 2, 3, 4, and 5 each charge the defendants with misleading the accountants tasked with auditing Roadrunner's financial statements. Count 2 charges all three defendants; Counts 3 and 4 charge Mr. Wogsland; and Count 5 charges Mr. Armbruster. You must consider each charge and each defendant separately.

In order for you to find the particular defendant you are considering guilty of the particular Count you are considering, the government must prove each of the following five elements beyond a reasonable doubt:

1.     Roadrunner was an issuer of securities required by law to file reports with the Securities and Exchange Commission.

2.     The defendant was an officer of Roadrunner or was acting under the direction of an officer or director of Roadrunner. An "officer" means a president, vice president, secretary, treasurer or principal financial officer, comptroller or principal accounting officer, and any person routinely performing functions similar to these with respect to Roadrunner or a wholly-owned subsidiary of Roadrunner.

3.     The defendant directly or indirectly took the action described in the particular Count to coerce, manipulate, mislead, or fraudulently influence Deloitte & Touche LLP while it was engaged in the performance of an audit or review of the financial statements of Roadrunner that Roadrunner was required to file with the Securities and Exchange Commission.

4.     The defendant did so knowing that his actions, if successful, could result in making Roadrunner's financial statements materially misleading. Financial statements are materially misleading if they are misleading in a way that is capable of

22

influencing the decisions of investors or potential investors. The government is not required to prove that financial statements actually had that influence.

     5.     The defendant acted knowingly and willfully. I will define these terms later in these instructions.

     If you find from your consideration of all the evidence that the government has failed to prove one or more of these elements beyond a reasonable doubt as to the defendant and charge you are considering, then you should find the defendant not guilty on that charge.

     If, on the other hand, you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the defendant and charge you are considering, then you should find the defendant guilty on that charge.

**Counts 6, 7, 8, and 9 – falsifying Roadrunner's books, records, or accounts**

Counts 6, 7, 8 and 9 of the indictment each charge the defendants with falsifying or causing to be falsified the books, records, or accounts of Roadrunner. Counts 6 and 7 charge all three defendants; Count 8 charges Mr. Naggs; and Count 9 charges Mr. Armbruster. You must consider each charge and each defendant separately.

In order for you to find the particular defendant you are considering guilty of the particular Count you are considering, the government must prove each of the following four elements beyond a reasonable doubt:

1.      At the time of the alleged offense, Roadrunner was required to file reports with the Securities and Exchange Commission and to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflected Roadrunner's financial transactions and dispositions of its assets.

2.      The defendant falsified, or caused someone else to falsify, the books, records, or accounts of Roadrunner, in the manner specified in the particular Count.

3.      The books, records, or accounts were of the type that were required to reflect in reasonable detail the transactions and dispositions of the assets of Roadrunner. Such records include, for example, general ledgers, journal entries, income statements, financial certifications, or account records.

4.      The defendant acted knowingly and willfully. I will define these terms later in these instructions.

If you find from your consideration of all the evidence that the government has failed to prove one or more of these elements beyond a reasonable doubt as to the defendant and charge you are considering, then you should find the defendant not guilty

on that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the defendant and charge you are considering, then you should find the defendant guilty on that charge.

**Count 10 – conspiracy to commit securities fraud and wire fraud**

In Count 10 of the indictment, the defendants are accused of conspiracy to commit securities fraud and wire fraud. I will define "securities fraud" and "wire fraud" later in these instructions. In order for you to find the particular defendant you are considering guilty of this charge, the government must prove both of the following elements beyond a reasonable doubt:

1.     The conspiracy as charged in Count 10 existed.

2.     The defendant knowingly became a member of the conspiracy with an intent to advance one or more of the goals of the conspiracy.

If you find from your consideration of all the evidence that the government has failed to prove one or more of these elements beyond a reasonable doubt as to the defendant you are considering, then you should find the defendant not guilty on this charge.

If, on the other hand, you find from your consideration of all the evidence that the government has proved both of these elements beyond a reasonable doubt as to the defendant you are considering, then you should find the defendant guilty on this charge.

**Count 10 – definition of conspiracy; membership in conspiracy**

In connection with Count 1, I provided you with instructions entitled "definition of conspiracy" and "membership in conspiracy." These instructions, which appear on pages 19 and 21, also apply to your consideration of the conspiracy charge in Count 10.

**Count 10 – object(s) of conspiracy**

Count 10 charges the defendants with conspiracy to commit more than one offense:  securities fraud and wire fraud.  The government is required to prove that the defendants conspired to commit at least one of these offenses but is not required to prove that the defendants conspired to commit both of them.  You must agree unanimously on which, if either, of these offenses the defendants conspired to commit.

**Counts 11, 12, and 13 – securities fraud**

Counts 11, 12, and 13 of the indictment each charge the defendants with securities fraud. Counts 11 and 12 charge all three defendants; Count 13 charges Mr. Armbruster and Mr. Wogsland. You must consider each charge and each defendant separately.

These Counts charge the defendants with executing a scheme to defraud another person in connection with Roadrunner stock. In order for you to find a particular defendant guilty of the particular Count you are considering, the government must prove each of the following elements beyond a reasonable doubt:

1.  There was a scheme to defraud in connection with the stock of Roadrunner. For purposes of this charge, a scheme to defraud is a plan or course of action that is intended to deceive and cheat another. A scheme to defraud must be material, that is, capable of influencing the decisions of the persons to whom it is addressed.

2.  The defendant knowingly carried out the scheme.

3.  The defendant acted with the intent to deceive and cheat another. The government is not required to prove an actual loss to a victim of the crime or an actual gain to the defendant.

I will define several of these terms later in these instructions.

If you find from your consideration of all the evidence that the government has failed to prove one or more of these elements beyond a reasonable doubt, then you should find the defendant not guilty on this charge.

If, on the other hand, you find from your consideration of all the evidence that the

government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty on this charge.

**Counts 14, 15, 16, and 17 - wire fraud**

Counts 14, 15, 16, and 17 of the indictment each charge the defendants with wire fraud. Counts 14 and 15 charge all three defendants; Count 16 charges Mr. Armbruster and Mr. Wogsland; Count 17 charges Mr. Armbruster. You must consider each charge and each defendant separately.

In order for you to find the particular defendant you are considering guilty of a particular charge in these Counts, the government must prove each of the following four elements beyond a reasonable doubt:

1.      There was a scheme to defraud a person or entity by means of material false or fraudulent pretenses, representations, or promises.

2.      The defendant knowingly participated in the scheme.

3.      The defendant acted with the intent to defraud.

4.      For the purpose of carrying out the scheme or attempting to do so, the defendant caused an interstate wire communication to take place in the manner charged in the particular Count.

I will define some of these terms later in these instructions.

If you find from your consideration of all the evidence that the government has failed to prove one or more of these elements beyond a reasonable doubt on the particular Count you are considering, then you should find the defendant not guilty on that Count.

If, on the other hand, you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt on the particular Count you are considering, then you should find the defendant guilty on that

31

Count.

**Definitions of scheme to defraud and material (Counts 14, 15, 16, and 17)**

The following definitions apply to the wire fraud charges (Counts 14, 15, 16, and 17).

Scheme to defraud:  A scheme to defraud is a plan or course of action that is intended to deceive and cheat another, or to obtain money or property or cause the potential loss of money or property by means of materially false or fraudulent pretenses, representations, or promises.  In considering whether the government has proven a scheme to defraud, the government must prove beyond a reasonable doubt one or more of the false or fraudulent pretenses, representations, or promises charged in the portion of the indictment describing the scheme.  The government is not required, however, to prove all of them.

Material:  A false or fraudulent pretense, representation, or promise is considered to be material if it is capable of influencing the decision of the person or entity to which it was addressed.  The government is not required to prove that it actually influenced a decision of that person or entity.  A materially false or fraudulent pretense, representation, or promise may be accomplished by concealment of material information.

Intent to defraud:  A person acts with intent to defraud if he acts with the intent to deceive and cheat in order to cause a gain of money or property or a potential loss of money or property.  The government is not required to prove an actual loss to a victim of the crime or an actual gain to the defendant.

**Definitions of interstate wire communication (Counts 14, 15, 16, and 17)**

The following definition applies only to the wire fraud charges (Counts 14, 15, 16, and 17).

Use of interstate wire communication:  The government must prove that an interstate wire communication was used to carry out the scheme, or was incidental to an essential part of the scheme.  E-mails are a wire communication.

An interstate communication need not itself contain a fraudulent representation or promise, but it must carry out or attempt to carry out the scheme.

In order to cause an interstate wire communication to take place, the defendant need not actually or personally use an interstate communication facility and need not actually intend for the communication to take place.  However, the government must prove that the defendant knew the wire communication would occur, or that the defendant knew that it would occur in the ordinary course of business, or that the defendant knew facts from which the wire communication could reasonably have been foreseen.  The government does not have to prove that the defendant knew that the wire communication was of an interstate nature.

Each separate wire communication in furtherance of the scheme to defraud constitutes a separate offense.

34

**Count 18 – bank fraud**

Count 18 of the indictment charges Mr. Armbruster with bank fraud, by executing a scheme to defraud U.S. Bank. In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1.      There was a scheme to defraud U.S. Bank by means of material false or fraudulent pretenses, representations, or promises.

2.      The defendant knowingly carried out or attempted to carry out the scheme.

3.      The defendant acted with the intent to defraud U.S. Bank.

4.      At the time of the charged offense, the deposits of U.S. Bank were insured by the Federal Deposit Insurance Corporation.

I will define some of these terms later in these instructions.

If you find from your consideration of all the evidence that the government has failed to prove one or more of these elements beyond a reasonable doubt as to the particular defendant and Count you are considering, then you should find the defendant not guilty on that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the particular defendant and Count you are considering, then you should find the defendant guilty on that charge.

35

**Count 18 – definition of scheme**

The following definition applies only to the bank fraud charge (Count 18).

<u>Scheme to defraud</u>:  A scheme to defraud a bank is a plan or course of action that is intended to deceive and cheat the bank, or to obtain money or property or cause the potential loss of money or property belonging to, or in the care, custody, or control of the financial institution.  The government is not required to prove that the scheme involved any specific false statement or misrepresentation of fact.

**Count 19 – fraud in connection with purchase or sale of securities**

Count 19 of the indictment charges Mr. Wogsland with fraud in connection with the purchase or sale of securities. In order for you to find the defendant guilty of this charge, the government must prove each of the four following elements beyond a reasonable doubt:

1.      The defendant knowingly employed a device, scheme, or artifice to defraud in connection with the purchase or sale of Roadrunner stock.

2.      The defendant acted with the intent to defraud.

3.      The defendant acted willfully.

4.      In connection with the purchase or sale, the defendant knowingly used, or caused to be used, the facilities of a national securities exchange. A facility of a national securities exchange includes any services or property maintained by the New York Stock Exchange. This requires the government to prove that the defendant took steps or engaged in conduct that he knew or could reasonably foresee would naturally and probably result in the use of the facilities of the New York Stock Exchange.

I will define a number of these terms later in these instructions.

If you find from your consideration of all the evidence that the government has failed to prove one or more of these elements beyond a reasonable doubt as to the particular charge you are considering, then you should find the defendant not guilty on that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the particular charge you are considering, then you should find the defendant guilty on that

charge.

**Count 19 - definition of device, scheme, or artifice to defraud**

The following instruction applies only to Count 19.

A device, scheme, or artifice is a plan or course of action formed with the intent to accomplish some purpose. In this case, the defendant is charged with a device, scheme or artifice referred to as insider trading.

In order for you to find that there was a device, scheme, or artifice to defraud as charged in Count 19, the government must prove each of the following elements beyond a reasonable doubt:

1.     The defendant was an insider at Roadrunner.

2.     The defendant was aware of material, non-public information about Roadrunner.

3.     The defendant used the material, non-public information in deciding whether to sell Roadrunner stock.

I will now define some of the terms used in this instruction.

Insider:  The term insider includes any corporate officer, as well as any person who had a confidential relationship with the corporation that gave him access to material confidential information intended to be available only for a corporate purpose and not for his personal benefit.

Material, non-public information:  For purposes of Count 19, information is material if there is a substantial likelihood that a reasonable investor would consider it significant in deciding whether to sell Roadrunner stock. Information is nonpublic if it is intended to be available only for a corporate purpose and has not been disseminated to the investing public.

Use of material, non-public information:  In order for you to find that the defendant used material, non-public information in deciding whether to sell stock, the government must prove that the material, non-public information was a significant factor in the defendant's decision to sell stock.  It need not be the sole cause of the defendant's decision.

What the defendant did with the proceeds of the sale of stock has no bearing on whether he used material, non-public information in deciding whether to sell the stock.

If you conclude that the defendant would have purchased or sold stock at the same time and in the same quantities regardless of the material, non-public information, then you may not find that the defendant used the material, non-public information to purchase or sell the stock.

40

**Definition of knowingly (Counts 1 through 19)**

This definition applies to each of the charges in this case (Counts 1 through 19).

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether a defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

41

**Definition of willfully (Counts 2, 3, 4, 5, 6, 7, 8, 9, and 19)**

This definition applies to the charges of misleading Roadrunner's accountants (Counts 2, 3, 4, and 5), falsifying Roadrunner's books, records, or accounts (Counts 6, 7, 8, and 9), and fraud in connection with the purchase or sale of securities (Count 19).

A person acts willfully if he acts knowingly and with the intent to do something he knows is against the law. The government is not required to prove that the defendant knew that his actions violated a particular law.

Case 2:18-cr-00130-MFK   Filed 07/30/21   Page 42 of 55   Document 309

**Good faith (applies to all Counts)**

If the defendant you are considering acted in good faith, then he lacked the willfulness and/or intent to defraud required to prove the offenses charged. A person acts in good faith if, at the time, he honestly believed the validity of the actions or truthfulness of the statements that the government has charged as being false, misleading, or fraudulent. A defendant does not have to prove his good faith. Rather, the government must prove beyond a reasonable doubt that the defendant acted willfully and/or with the intent to defraud, as required for the particular charge you are considering.

**Aiding and abetting (applies to all Counts)**

A person may be found guilty of an offense by knowingly aiding, counseling, commanding, inducing, or procuring the commission of the offense if he knowingly participated in the criminal activity and tried to make it succeed.

**Acting through another (applies to all Counts)**

If a person voluntarily and willfully causes another person to commit an act, which if committed by the defendant would be a crime, then the defendant is responsible under the law even though he did not personally commit the act. The government is not required to prove that the other person who committed the act did so intending to commit a crime. That person may be an innocent intermediary. But the government must prove beyond a reasonable doubt that in causing the other person to commit the act, the defendant intended to commit the charged crime.

**"On or about" (applies to all Counts)**

The indictment charges that the crimes happened "on or about" certain dates. The government must prove that the crimes happened reasonably close to those dates. The government is not required to prove that the crimes happened on those exact dates.

Once you are all in the jury room, the first thing you should do is choose a presiding juror.  The presiding juror should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard.  You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury.  You may not communicate with others about the case or your deliberations by any means.  This includes oral or written communication; communication using any sort of device, such as a telephone, cell phone, smart phone, iPhone, Blackberry, computer; communication by text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or social media or social networking websites like Facebook, LinkedIn, YouTube, Twitter, Snapchat, or Instagram; and any other form of communication at all.

If you need to communicate with me while you are deliberating, send a note through the court security officer.  The note should be signed by the presiding juror, or by one or more members of the jury.  To have a complete record of this trial, it is important that you communicate with me only by written notes.  I may have to talk to the lawyers about your message, so it may take me some time to get back to you.  You may continue your deliberations while you wait for my answer.  Please be advised that I cannot provide you with a transcript of any of the trial testimony.

A verdict form has been prepared for you. You will take this form with you to the jury room.  [Read the verdict form.]

When you have reached unanimous agreement, your presiding juror will fill in and date the verdict form, and each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 18 CR 130** |
| | ) | |
| **PETER ARMBRUSTER** | ) | |

## <u>VERDICT</u>

We, the jury find as follows with respect to the charges against the defendant,

PETER ARMBRUSTER:

|  | NOT GUILTY | GUILTY |
|---|---|---|
| COUNT ONE: | ☐ | ☐ |
| COUNT TWO: | ☐ | ☐ |
| COUNT FIVE: | ☐ | ☐ |
| COUNT SIX: | ☐ | ☐ |
| COUNT SEVEN: | ☐ | ☐ |
| COUNT NINE: | ☐ | ☐ |
| COUNT TEN: | ☐ | ☐ |
| COUNT ELEVEN: | ☐ | ☐ |
| COUNT TWELVE: | ☐ | ☐ |
| COUNT THIRTEEN: | ☐ | ☐ |
| COUNT FOURTEEN | ☐ | ☐ |
| COUNT FIFTEEN: | ☐ | ☐ |
| COUNT SIXTEEN: | ☐ | ☐ |
| COUNT SEVENTEEN: | ☐ | ☐ |
| COUNT EIGHTEEN: | ☐ | ☐ |

_____      _____
PRESIDING JUROR

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

Date: _____, 2021

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**


**UNITED STATES OF AMERICA** )
)
**v.** ) **Case No. 18 CR 130**
)
**MARK WOGSLAND** )

## <u>VERDICT</u>

We, the jury find as follows with respect to the charges against the defendant,

MARK WOGSLAND:

|  | NOT GUILTY | GUILTY |
|---|---|---|
| COUNT ONE: | ☐ | ☐ |
| COUNT TWO: | ☐ | ☐ |
| COUNT THREE: | ☐ | ☐ |
| COUNT FOUR: | ☐ | ☐ |
| COUNT SIX: | ☐ | ☐ |
| COUNT SEVEN: | ☐ | ☐ |
| COUNT TEN: | ☐ | ☐ |
| COUNT ELEVEN: | ☐ | ☐ |
| COUNT TWELVE: | ☐ | ☐ |
| COUNT THIRTEEN: | ☐ | ☐ |
| COUNT FOURTEEN | ☐ | ☐ |
| COUNT FIFTEEN: | ☐ | ☐ |
| COUNT SIXTEEN: | ☐ | ☐ |
| COUNT NINETEEN: | ☐ | ☐ |


_____    _____

PRESIDING JUROR

_____    _____

_____        _____

_____        _____

_____        _____

_____        _____

Date: _____, 2021

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**


**UNITED STATES OF AMERICA** )
                                )
        **v.**                      )               **Case No. 18 CR 130**
                                )
**BRET NAGGS**                   )

## **<u>VERDICT</u>**

       We, the jury find as follows with respect to the charges against the defendant,

BRET NAGGS:

|  | NOT GUILTY | GUILTY |
|---|---|---|
| COUNT ONE: | ☐ | ☐ |
| COUNT TWO: | ☐ | ☐ |
| COUNT SIX: | ☐ | ☐ |
| COUNT SEVEN: | ☐ | ☐ |
| COUNT EIGHT: | ☐ | ☐ |
| COUNT TEN: | ☐ | ☐ |
| COUNT ELEVEN: | ☐ | ☐ |
| COUNT TWELVE: | ☐ | ☐ |
| COUNT FOURTEEN | ☐ | ☐ |
| COUNT FIFTEEN: | ☐ | ☐ |


_____

PRESIDING JUROR

_____

_____

_____

_____          _____


_____          _____


Date: _____, 2021