UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 18-CR-130-MFK |
| v. | ) |
| PETER ARMBRUSTER, | ) |
| Defendant. | ) |

## JOINT RESTITUTION REPORT

Plaintiff United States of America and Defendant Peter Armbruster, by and through their counsel of record, hereby respectfully submit this joint report for the purpose of setting the final amount of restitution owed by defendant Peter Armbruster.

**I. Revised Calculation of Restitution**

The government and the defendant offer the following victim restitution amounts calculated pursuant to the methodology ordered by the Court at the restitution hearing on March 16, 2022. This method applies a $0.138 per-share price inflation amount for shares purchased during the time period of November 6, 2014, through November 13, 2016 ("Period 1"). It applies a $3.45 per-share price inflation amount for shares purchased during the time period of November 14, 2016, through January 30, 2017 ("Period 2").

1

| Victim[1] | Shares Purchased Period 1 | Period 1 Loss (# shares x $0.138) | Shares Purchased Period 2 | Period 2 Loss (# shares x $3.45) | Total Loss by Victim |
|---|---|---|---|---|---|
| R.A. | 5000 | $690 | -- | -- | $690 |
| S.B. | -- | -- | 7,265 | $25,064.25 | $25,064.25 |
| L.B. | 5,000 | $690 | -- | -- | $690 |
| K.B. | 3,664 | $505.63 | -- | -- | $505.63 |
| H.B. | 19,250 | $2,656.50 | -- | -- | $2,656.50 |
| M.E. | 15,000 | $2,070 | -- | -- | $2,070 |
| L.I. | 3,400 | $469.20 | -- | -- | $469.20 |
| J.K. | 6100 | $841.80 | -- | -- | $841.80 |
| N.T. | 4,000 | $552 | -- | -- | $552 |
| T.T. | 6,900 | $952.20 | -- | -- | $952.20 |
| G.W. | 10,000 | $1,380 | -- | -- | $1,380 |
| Inst. 1 | 2,000 | $276 | -- | -- | $276 |
| Inst. 2 | 2,000 | $276 | 1,000 | $3,450 | $3,726 |
| Inst. 3 | 43,700 | $6,030.60 | -- | -- | $6,030.60 |
| Inst. 4 | 4,846,520 | $668,819.76 | 49,206 | $169,760.70 | $838,580.46 |
| Inst. 5 | -- | -- | -- | -- | -- |

---

[1] The government previously identified these victims in its first supplement, filed under seal as docket number 350.

| | | | | | |
|---|---|---|---|---|---|
| Inst. 6 | 26,316 | $3,631.61 | 45,074 | $155,505.30 | $159,136.91 |
| Inst. 7 | 369,723 | $51,021.77 | 7,100 | $24,495 | $75,516.77 |
| Inst. 8 | 142,494 | $19,664.17 | 1,100 | $3,795 | $23,459.17 |
| Inst. 9[2] | -- | -- | -- | -- | -- |

**TOTAL RESTITUTION:** $1,142,597.50

II. **Additional Information from Counsel for Armbruster**

As this Court knows, the above amounts would exhaust all of Mr. Armbruster's financial assets. Additionally, given Mr. Armbruster's felony convictions and age (he will turn 65 shortly after he finishes serving his custodial sentence), his employment prospects will be extremely limited when he is released from Duluth. Further, as this Court knows from the proceedings in this case, although she works full time for the Milwaukee Public Schools, Mr. Armbruster's wife has endured serious health issues, and continues to face different health challenges that limit the scope of work she can undertake. For example, last year, Mrs. Armbruster made $22,696.07. Moreover, Mr. Armbruster will likely face a substantial tax liability when his IRA and 401(k)-related assets are used to pay a portion of the restitution amount in this case.

Accordingly, as requested in Mr. Armbruster's restitution brief, counsel for Mr. Armbruster respectfully request that this Court issue a restitution order that either (a) specifically carves out some modest portion of his IRA and 401(k)-related assets or (b) provides a reasonable payment plan that would enable Mr. Armbruster to retain some modest portion of his IRA and

---

[2] Institution 9 did not provide sufficient information to calculate restitution pursuant to the methodology ordered by the Court.

3

401(k) related assets so as to be able to defray the living expenses outlined in the PSR that Mrs. Armbruster currently incurs and that Mr. Armbruster will incur when he is released from custody and begins the process of seeking employment. With respect to (b), this Court could, for example, issue an order calling for the immediate payment of restitution for the individual victims, which amounts to approximately $35,871.58, but a more gradual payment of some of the institutional investors. *See* 18 U.S.C. § 3572(d)(1) (requiring restitution to paid immediately, unless "in the interest of justice, the court provides for payment on a date certain or in installments"). Indeed, two of the institutions in the above chart due to receive restitution account for almost $1 million of the total $1,142,597.50 restitution figure. Finally, this Court could also include in its order a requirement that the Government put into escrow with the Court some portion of any of Mr. Armbruster's IRA and 401(k) related assets to defray Mr. Armbruster's future tax liability on the use of those assets to pay restitution.

The government opposes these requests and seeks a restitution order that may enforced without limitation by the government's financial litigation counsel.

Date: March 30, 2022        Respectfully submitted,

                            JOSEPH S. BEEMSTERBOER

                            Acting Chief, Fraud Section
                            Criminal Division
                            U.S. DEPARTMENT OF JUSTICE

                    By:     /s/ Emily Scruggs
                            Emily Scruggs
                            Kyle Hankey
                            Justin Weitz
                            Criminal Division, Fraud Section
                            U.S. Department of Justice

1400 New York Avenue NW
Washington, DC 20530

By: *s/ Andrew R. DeVooght*
Andrew R. DeVooght
Laura K. McNally
Alexandra J. Schaller
321 North Clark Street, Suite 2300
Chicago, Illinois 60654
adevooght@loeb.com
lmcnally@loeb.com
aschaller@loeb.com
Tel: 312-464-3100
Fax: 312-464-3111

C. Linna Chen
345 Park Avenue
New York, New York 10154
lchen@loeb.com
Tel: 212-407-4953
Fax: 212-407-4990
*Attorneys for Defendant Peter Armbruster*

**CERTIFICATE OF SERVICE**

We certify that the foregoing has been served on all attorneys of record in the above-captioned case, either via the CM/ECF electronic filing system or via email.