UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Case No. 18-CR-130-MFK |
| v. | ) ) | |
| PETER ARMBRUSTER, | ) ) | |
| Defendant. | ) ) | |

## UNITED STATES' SECOND RESTITUTION SUPPLEMENT

Plaintiff United States of America, by and through counsel of record, hereby respectfully submits its response to the defendant's Additional Memorandum Regarding Restitution (Dkt. 359).

Defendant Peter Armbruster, by committing securities fraud as the Chief Financial Officer of the publicly traded Roadrunner Transportation Services, caused losses of over $1.1 million to investors in his company. Now he asks the Court to delay the full repayment of those victims in order to accommodate his current living expenses. The defendant's crimes were serious, and they harmed investors. The government respectfully requests that justice for these victims not be delayed by applying special treatment to a defendant that seeks to continue living a comfortable lifestyle when he finishes his prison term.

The defendant claims to have "modest living expenses." However, the final Presentence Investigation Report indicates that the defendant has enjoyed a lifestyle that many Americans could only hope to live. *See* PSR, Dkt. 327 at ¶¶ 66, 78, 80. The MVRA—including the provisions cited by the defendant in his submission—does not entitle the defendant to maintain a privileged financial status at the expense of affording justice to the victims of his criminal conduct.

1

The Court may only order payment in installments if it finds that doing so would be "in the interest of justice." 18 U.S.C. § 3572(d)(1). Moreover, should the Court not require the defendant's immediate payment of restitution to the victims of his crime, "the length of time over which scheduled payments will be made…shall be the shortest time in which full payment can reasonably be made." 18 U.S.C. § 3572(d)(2).

According to the PSR, the defendant does not presently have sufficient assets to pay the full amount of restitution immediately. However, this does not mean that the Court should not demand that those assets that *are* available be used immediately to make victims whole. On the contrary, 18 U.S.C. 3572(d)(2) demands that they be used to repay victims as quickly as is reasonably possible.

This includes the defendant's retirement accounts, which he has not asserted are otherwise exempt from use for payment of restitution. The amounts in the accounts must be subject to use *now*, otherwise there is a substantial risk that they will be used for other purposes, or that their value is diminished in other ways. The law does not permit the defendant to use his retirement accounts to support his current lifestyle, which is what the defendant essentially requests given that these accounts appear to provide for a substantial portion of the defendant's current income. PSR at ¶ 78. Moreover, if the defendant invests some or all of the assets in these accounts in stocks, bonds, or other investments, there is a real risk that the value of these assets may diminish in future years before they are used for restitution. There is no guarantee that stocks or other investments would retain their current value given expected market fluctuations or the possibility of poor investment decisions. Alternatively, if the funds in the accounts are not invested, their value would be diminished by inflation. The fact is that these assets held by the defendant are

2

available for use *now* for making victims whole, and they should be used for that purpose as quickly as possible.

In sum, the government respectfully submits that the Court should reject the defendant's request that the Court shield his current assets from being used immediately to compensate the victims of his criminal conduct. The Court's order should provide for the compensation of victims as quickly as is reasonably possible and should not be crafted to permit the defendant to continue living his current lifestyle.

Respectfully submitted,

JOSEPH S. BEEMSTERBOER

Acting Chief, Fraud Section
Criminal Division
U.S. DEPARTMENT OF JUSTICE

By: /s/
Emily Scruggs
Justin Weitz
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue NW
Washington, DC 20530

Date: April 26, 2022

## CERTIFICATE OF SERVICE

I, Kyle Hankey, certify that the foregoing has been served on all attorneys of record in the above-captioned case, either via the CM/ECF electronic filing system or via email.