UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES,

        Plaintiff,

    v.                                          Case No. 18-CR-130

PETER ARMBRUSTER, et al.

        Defendants.

## JOINT STATUS REPORT REGARDING RESTITUTION

The Parties jointly provide this status update in response to the Court's June 21, 2022 Order regarding restitution (Dkt. 130).

I.    Retirement Account Estimates

On June 22, 2002, the value of Mr. Armbruster's 401(k) was $39,737.30, and the value of his IRA was $460,865.64. The total of these two accounts is $500,602.94. Both of these accounts are traditional, not Roth, and therefore, income taxes are due on all distributions.

Using a value of $500,000, Mr. Armbruster's marginal federal income tax rate would be 35%, and his marginal Wisconsin income tax rate would be 7.65%. Using these rates, Mr. Armbruster estimates that the total taxes due would be

approximately $213,250, and the net total after taxes remainder would be approximately $286,750. The government does not dispute these calculations.

II.     Mr. Armbruster's Restitution Order Proposal:

Mr. Armbruster proposes that he be allowed to retain $137,000 in his IRA. Applying the marginal 22% federal tax rate and the marginal 5.3% Wisconsin rate, his distribution after taxes would be approximately $99,600. The remainder, net of an amount required to pay applicable taxes, would be available to pay the individual investors and to begin to pay the institutional investors. Mr. Armbruster further proposes that upon obtaining employment after his release, he would pay the higher of (a) $500 per month, as specified in his sentence; or (b) 20% of his monthly take-home pay from employment.

III.    The Government's Restitution Order Proposal:

The government does not oppose an order that would permit Mr. Armbruster to retain $137,000 in his IRA. The government agrees that the restitution order should require Mr. Armbruster to pay a minimum of $500 per month towards the total restitution amount.

In lieu of imposing the alternative requirement to pay 20% of Mr. Armbruster's take home pay from employment, the government proposes that the order require Mr. Armbruster to use all after-tax income over a certain amount to satisfy his restitution obligation. This would be a straightforward way to account for the possibility that

Mr. Armbruster receives income from employment or other sources (such as property rental income, capital gains, or inheritances) that would permit him to contribute towards making his victims whole without leaving him destitute.

Specifically, the government proposes that any after-tax income that Mr. Armbruster receives above $38,000 in a calendar year be used to pay restitution. Payments made under this method would count against the $500 per-month minimum payment obligation.

The government believes $38,000 in after-tax income is an appropriate amount to use as a ceiling for his retained take-home income until restitution is fully paid. The median household income in Milwaukee, Wisconsin was $52,281 in 2020, according to U.S. Census data.[1] $38,000 would approximate the amount of income left after subtracting 22% in federal taxes and 5.3% in Wisconsin state taxes from that amount.

The government would also request that the order clarify that any gifts, inheritances, benefits from a trust, or other transfers of wealth would be considered income for purposes of the restitution order (regardless of whether those would be considered taxable "income" under federal or state law).[2]

---

[1] https://fred.stlouisfed.org/series/MHIWI55079A052NCEN (*last accessed July 8, 2022*)

[2] The government is mindful of the Court's request for victim-specific information for the restitution order and will submit the information in short order. The government intends to communicate with chambers on the morning of Monday, July 11 regarding the best method for identifying victims by anonymous reference in the final restitution order, and then will submit the list shortly thereafter.

Dated: July 8, 2022

LORINDA I. LARYEA
Acting Chief, Fraud Section
Criminal Division
U.S. DEPARTMENT OF JUSTICE


By: *s/ Kyle C. Hankey*
   Kyle Hankey
   Emily Scruggs
   Criminal Division, Fraud Section
   U.S. Department of Justice
   1400 New York Avenue, NW
   Washington, DC 20530



LOEB & LOEB LLP


By: *s/ Andrew R. DeVooght*
   Andrew R. DeVooght
   Laura K. McNally
   Alexandra J. Schaller
   321 North Clark Street, Suite 2300
   Chicago, Illinois 60654
   adevooght@loeb.com
   lmcnally@loeb.com
   aschaller@loeb.com
   Tel: 312-464-3100
   Fax: 312-464-3111

   C. Linna Chen
   345 Park Avenue
   New York, New York 10154
   lchen@loeb.com
   Tel: 212-407-4953
   Fax: 212-407-4990

   *Attorneys for Defendant Peter Armbruster*